12 CIV. 1001

FEB 07 2012

PRO SE OFFICE

**PETITION UNDER 28 USC § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

## United States District Court for the Southern District of New York

Name
NASCIMENTO G. BLAIR

Prisoner Identification No.
07A-0015

Place of Confinement

Sing Sing Correctional Facility

Name of Petitioner (include name under which convicted)

NASCIMENTO G. BLAIR   v.

Name of Respondent (warden or superintendent of your prison)

Phillip D. Heath

### PETITION

1. Name and location of court which entered the judgment of conviction under attack  Westchester County Court, White Plains New York 10601

2. Name and address of lawyer who represented you  David L. Rich, 175 Main St. White Plains New York 10601

3. Date of judgment of conviction  November 1, 2006

4. Length of sentence  15 yrs to life

5. Nature of offense involved (all counts)  Kidnapping in the 1st Degree; Kidnapping in the 2nd degree; Criminal use of A Firearm in the first Degree; Criminal possession of a weapon in the 2nd degree; Criminal Possession of a weapon in the Second degree, Assault in the Second degree Unauthorized use of a Vehicle in the 1st degree.

6. What was your plea? (Check one)
   (a)  Not guilty      ☒
   (b)  Guilty          ☐
   (c)  Nolo contendere ☐

If you entered a guilty plea to one count of indictment, and not a guilty plea to another count of indictment, give details:

_____

_____

7. If you pleaded not guilty, what kind of trial did you have? (Check one)

7. If you pleaded not guilty, what kind of trial did you have?  (Check one)
    (a)   Jury        ☐
    (b)   Judge only   ☐

8. Did you testify at the trial?
Yes ☑      No ☐

9. Did you appeal from the judgment of conviction?
Yes ☑      No ☐

10.  If you did appeal, answer the following:

    (a)   Name of court _____ *New York State Appellate Division: Second Department*

    (b)   Name and address of lawyer who represented you *Mark J. Fitzmaurice*
*15 Chester Ave. White plains           New york 10601*

    (c)   Result _*Affirmed Conviction*_

    (d)   Date of result and citation, if known _____

    (e)   Grounds raised *Anders brief filed on Petitioners behalf*
_____

    (f)   If you sought further review of the decision by appeal to a higher state court, please answer the following:

        (1) Name of court _*N/A*_

        (2) Name and address of lawyer who represented you _____

        (3) Result _____

        (4) Date of result and citation, if known _____

        (5) Grounds raised _____
_____
_____

    (g)   If you filed a petition for Writ of Certiorari in the United States Supreme Court, please provide the date the petition was filed and the date of result and citation, if known
_____

        (1) Name and address of lawyer who represented you _____

11. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☑    No ☐

12. If your answer to 11 was "yes," give the following information:

(a) (1) Name of court _Westchester County Court_

(2) Name and address of lawyer who represented you _Petitioner Pro-Se_

(3) Nature of proceeding _C.P.L. 440.10_

(3) Grounds raised _Ineffective Assistance of Counsel_

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☑

(5) Date motion was filed with the Court _June 27 2008_

(6) Date and result of motion _November 10 2008   Motion Denied_

(b) As to any second petition, application or motion give the same information:

(1) Name of court _New York State Appellate Division: Second Department_

(2) Name and address of lawyer who represented you _Petitioner Pro-Se_

(3) Nature of proceeding _Writ of Error Coram Nobis_

(4) Grounds raised _Ineffective Assistance of Appellate Counsel_

_____

_____

_____

(5) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☑

(6) Date motion was filed with the Court _July 12 2010_

(7) Date and result of motion _Motion Denied_

(c) Did you appeal to the highest state court having jurisdiction the decision on any petition, application or motion?

(1) First petition, etc.       Yes ☑       No ☐
(2) Second petition, etc.    Yes ☑       No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

13. **STATE EVERY GROUND ON WHICH YOU CLAIM THAT YOU ARE BEING HELD UNLAWFULLY . EACH GROUND SHOULD BE SET FORTH UNDER A SEPARATELY NUMBERED PARAGRAPH . IF YOU ARE RAISING THE SAME GROUNDS THAT YOU RAISED ON DIRECT APPEAL , YOU SHOULD ATTACH A COPY OF YOUR STATE COURT APPELLATE BRIEF OR ITS TABLE OF CONTENTS . YOU MUST EXHAUST YOUR STATE COURT REMEDIES ON EACH GROUND YOU ARE CLAIMING YOU ARE BEING HELD UNLAWFULLY .**

Ground(s):

See Attachment

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(attach additional papers as necessary)

14.    TIMELINESS OF PETITION: If your judgment of conviction was made final over one-year ago, you must set forth below why the one-year statute of limitations as codified in 28 U.S.C. § 2244(d) does not bar your petition.*

_____

_____

_____

N/A

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as codified in 28 U.S.C. § 2244(d) provides in part that:

    (1)  A 1- year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made

retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered  through the exercise of due diligence.

(2) The time during which a properly filed application for State post conviction or other collateral review  with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

15. Do you have a petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes ☐    No ☑

(a) If so, give the name and location of court in which the petition or appeal is pending _____

_____

16. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☐    No ☑

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

(b) Give date and length of the above sentence: _____

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_February 1, 2012_
(date)

_Sworn to me on_
_1 day of February, 2012_
_Patricia Lewis_

PATRICIA LEWIS
NOTARY PUBLIC STATE OF NEW YORK
DUTCHESS COUNTY  LIC. #01LE6173319
COMM. EXP.   8/22/15

Signature of Petitioner

_07A-0015_
Inmate Number

_354 Hunter St. Ossining New York 10562_
Address

I declare under penalty of perjury that on _February 1, 2012_, I delivered this petition to prison authorities to be
(date)

mailed to the United States District Court for the Southern District of New York.

Signature of Petitioner

(attachment)

## POINT ONE

The Evidence Admitted Petitioner was
Legally Insufficient to Establish
Kidnapping in the First Degree and,
as a Result, Petitioner's 14th Amendment
Right to Due Process was Transgressed

Subsequent to a two- week jury trial and five days of deliberations, the trial judge issued an Allen charge. Shortly thereafter, petitioner was found guilty of First Degree Kidnapping [P.L. § 135.25]; while the remaining charges were either dismissed or the jury found petitioner "not guilty." However, the evidence admitted against petitioner was legally insufficient to support the jury's guilty verdict.

Petitioner challenged the constitutionality of his First Degree Kidnapping charge in a post conviction motion pursuant to C.P.L. § 440.10, but the state court denied petitioner's claim without conducting an evidentiary hearing. Leave to Appeal to the New York State Appellate Division, Second Department, was denied. Thus, lower court's decision was the last and only state court decision to provide any reasoned basis of denial. Since petitioner's claim was denied in the lower court based upon grounds that were not procedural in nature, 28 U.S.C. § 2254 (d) is applicable.

A.  AEDPA Standard

According to 28  U.S.C. § 2254 (d),

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim –
>
> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the facts in light of the evidence presented in the state court proceeding."

As set forth above, petitioner's claim that the evidence admitted against him at trial was legally insufficient to support the jury's guilty verdict was adjudicated on the merits.  Petitioner asserts in this habeas corpus proceeding that his petition ought to be granted because the C.P.L. § 440 court's decision denying petitioner's claim that there was legally insufficient evidence to find him guilty of Kidnapping in the First Degree was an unreasonable application of "clearly established Federal law, as

determined by the Supreme Court of the United States." 28 U.S.C. § 2254 (d)(1).

Furthermore, petitioner asserts that his habeas corpus petition ought to be granted because the C.P.L. 440 court's denial of petitioner's claim of legal insufficiency regarding his First Degree Kidnapping conviction was "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254 (d)(2)

B. Clearly Established Federal Law, as Determined by the Supreme Court of the United States

In Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781 (1979), the United States Supreme Court articulated, in its holding, that "[I]n a challenge to a state conviction brought under 28 U.S.C. § 2254 … the applicant is entitled to habeas corpus relief if it is found that upon the evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." 443 U.S. 307. 308. So, it is presupposed "as an essential of the due process guaranteed by the Fourteenth Amendment that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof – defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every

3

element of the offense. <u>Jackson v. Virginia</u>, supra, 316  For the purpose of 28 U.S.C. § 2254 (d)(1), <u>Jackson v. Virginia</u>, supra, is "clearly established Federal Law, as determined by the Supreme Court of the United States."  It is Petitioner's contention that the state court unreasonable applied the holding in Jackson v. Virginia, supra, and, as a result, his petition ought to be granted.

C.  Kidnapping in the First Degree [P.L. § 135.25]

Under New York State's Penal Law, Kidnapping in the First Degree is defined:

> "A person is guilty of kidnapping in the first degree when he abducts another person and when:
> 1. His intent is to compel a third person to pay or deliver money or property as ransom, or to engage in other particular conduct, or to refrain from engaging in particular conduct; or
> 2. He restrains the person abducted for a period of more than twelve hours with intent to:
>     (a) Inflict physical injury upon him or violate or abuse him sexually; or
>     (b) Accomplish or advance the commission of a felon; or
>     (c) Terrorize him or a third person; or

(d) Interfere with the performance of a governmental or political functions; or

3. The person abducted dies during the abduction dies during the abduction or before he is able to return or to be returned to safety. Such death shall be presumed, in any case where such person was less than sixteen years old or an incompetent person at the time of the abduction, from evidence that his parents, guardians or other lawful custodians did not see or hear from him following the termination of the abduction and prior to trial and received no reliable information during such period persuasively indicating that he was alive. In all other cases, such death shall be presumed from evidence that a  person whom the person abducted would have been extremely likely to visit or communicate with during the specified period were he alive and free to do so did not see or hear from him during such period and received no reliable information during such period persuasively indicating that he was alive."

Therefore, in order for petitioner to be guilty of Kidnapping in the First Degree, petitioner would have had to have committed each of the aforementioned elements within a particular numerated subsection. However, there is no evidence that petitioner committed each element of Kidnapping in the First Degree.

D. Evidence Admitted Against Petitioner at Trial

Preston Blackwell Jr. was the alleged victim of a First Degree Kidnapping that Petitioner allegedly committed. This is belied by a number of significant factors that stand in diametrical opposition to the elements that, together, constitute Kidnapping in the First Degree.

First of all, Preston Blackwell, Jr. was in possession of his operable cell phone during the incident. Second, he was not bound. Third, Preston Blackwell Jr. went to the bathroom unescorted (T.Tr. 275) Finally, petitioner never spoke to Blackwell Jr.'s father on the phone with regard to ransom.

Based upon the above stated facts, each element necessary to constitute Kidnapping in the First Degree was not satisfied by the evidence admitted against petitioner. Thus, the state court's denial of petitioner's claim that there was insufficient evidence admitted against him at trial to find petitioner guilty of each element of Kidnapping in the First Degree was an unreasonable application of Jackson v. Virginia, supra. 28 U.S.C. § 2254 (d)(1).

## POINT TWO

### Petitioner's Right to Confront His Accuser, Guaranteed by the Sixth Amendment to the United States Constitution, was Violated When Police Detectives Testified to Statements Made By Petitioner's Co-defendants

At petitioner's trial, Detective Enzo Baia testified that petitioner's co-defendant, Nakia Tyrell, told him that he (Tyrell) and Petitioner went to Club In Time to retrieve money. While Nakia Tyrell has the right to inculpate himself, his inculpatory statement cannot be admitted through a police detective's testimony; he cannot inculpate petitioner through a police detective's testimony. The admission of his testimony at trial (and at the grand jury) through a police witness that petitioner constitutes a violation of petitioner's right to confront accusers against him.

A. United States Supreme Court Standard Regarding the Right to Confront an Accuser

In <u>Bruton v. United States</u>, 88 S. Ct. 1620, the Supreme Court held that the admission of a non-testifying co-defendant's statement at trial though another witness transgressed a defendant's right to confront his accuser. Since then, the United States Supreme Court has consistently re-

affirmed this interpretation of a defendant's Sixth Amendment Right to confront his accuser.

For the purpose of AEDPA's requirement that the state court ruling must be contrary to or an unreasonable application of federal law as determined by the United States Supreme Court, petitioner asserts that the state court ruling is an unreasonable application of <u>Bruton v. United States</u>, supra, and its progeny.

## POINT THREE

Trial Counsel Failed to Provide
Petitioner with Effective Assistance
Due to a Conflict of Interest

Petitioner and his trial counsel, David Rich, had a number of serious disagreements regarding the course of action that should be taken with regard to the conduct of petitioner's defense at trial. As a result of these ongoing, significant disagreements, petitioner was denied the effective assistance of counsel.

Trial counsel, David Rich, refused to file any suppression motions on petitioner's behalf, despite petitioner's request that he do so. Specifically, petitioner requested that counsel vigorously challenge the voluntariness of an inculpatory video taped statement that was admitted against petitioner. As a result of counsel's failure to challenge the prejudicial statements that were admitted against him, petitioner's 5th Amendment Right against self-incrimination was not protected; and, as a result of the irreconcilable, ongoing off-and-on-the-record disagreements over this and, among other failures on counsel's behalf, the failure to cross-examine Detective Enzo Baia about his trial testimony, which conflicted with his grand jury testimony, petitioner and Mr. Rich had a conflict of interest which, in turn, violated petitioner's 14th constitutional right to due process of law and

rendered counsel ineffective, thus depriving petitioner of his 6th Amendment Right to the effective assistance of counsel[1].

Finally, even when the court, subsequent to the jury's verdict, asked counsel if he wanted to file any motion, since it was apparent that there was a likelihood that petitioner's verdict was repugnant, counsel responded that he would reserve the right (Of course, a challenge to the verdict based upon repugnancy must be made prior to the dismissal of the jury). Petitioner subsequently filed a C.P.L. §§ 330.30 and 290.10 motion in an attempt to preserve his rights and obtain relief based upon the verdicts repugnance and the insufficiency of the evidence, and while counsel adopted these motions, the court denied petitioner's motion, finding them "untimely and [that they] should have been filed before the jury left the room."

The prejudice that petitioner suffered as a result of the conflict of interest that existed between himself and counsel is apparent. Counsel left defendant in a position where there was no possibility for petitioner to obtain the relief he sought when he filed the post-trial motions. While petitioner may not be expected to be familiar with adequate and timely objection

---

[1] It is axiomatic that when a conflict of interest exists between counsel and petitioner, counsel can not provide effective assistance. Furthermore, David Rich's decision not to make a timely challenge to the jury verdict, particularly in light of the fact that counsel later adopted petitioner's pro se motion, can not be characterized as timely.

requirements, counsel should know that petitioner's challenge to the verdict must be made prior to the discharge of the jury.

Counsel's refusal to take these courses of action in the face of petitioner's insistent requests demonstrate that a conflict of interest existed in petitioner case. Petitioner asserts that it was in counsel's interest that petitioner not succeed in his attempts to obtain relief pro se and in his attempt(s) to impress upon the court that a conflict of interest had developed between petitioner and counsel; while it was in counsel's interest that his decision to take or not take a particular course of action, including adopting petitioner's *pro se* post-trial motion, appear to be tactical in nature.

A. United States Supreme Court Standard Regarding Ineffective Assistance of Counsel/Conflict of Interest

The United States Supreme Court held, in its landmark decision, Strickland v. Washington, 446 U.S. 668, 104 S. Ct. 2052, that a criminal defendant is entitled to the effective assistance of counsel. This holding is applicable with regard to petitioner's claim that he was denied the effective assistance of counsel due to a conflict of interest between petitioner and trial counsel, David Rich. Petitioner asserts herein that he has satisfied the requirement set forth in 28 U.S.C. § 2254 (d)(1) that he demonstrate that the

state court decision was "… an unreasonable application of federal law as determined by the Supreme Court of the United States. For these reasons, and those aforementioned, this court should grant petitioner's habeas corpus due to his deprivation of the effective assistance of counsel at trial.

Furthermore, the United States Supreme Court particularly addressed when counsel fails to provide the effective assistance of counsel due to an irreparable conflict of interest. In Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, the United States Supreme Court held that a denial of effective assistance of counsel can be caused by an *actual* conflict of interest. This *actual* conflict of interest may be caused by an irreconcilable conflict of interest and need not demonstrate prejudice to satisfy the criteria regarding a conflict of interest. [See: Frazer v. United States, 18 F. 3d 778] The factors a reviewing court should consider, when petitioner claims an irreconcilable conflict of interest, are: (1) the extent of the conflict; (2) the adequacy of the inquiry; and (3) the timeliness of the motion. U.S. v. Moore, 159 F. 3d 1154

In petitioner's case, since no inquiry was held, the United States District Court should order an evidentiary hearing to conduct the aforementioned inquiry and determine whether an irreparable conflict of interest existed, which would render the assistance provided by counsel constitutionally deficient. Based upon the aforementioned, petitioner was denied the

effective assistance of counsel, as articulated in the holding of <u>Strickland v.</u>

<u>Washington</u>, *supra*.

## POINT FOUR

Petitioner was Denied the Effective Assistance
Of Counsel on Appeal

Petitioner was denied the effective assistance of counsel on appeal. Appellate Attorney, Mark J. Fitzmaurice, informed petitioner that he was going to file an *Anders* brief on petitioner's behalf. However, Mr. Fitzmaurice conveyed to petitioner that petitioner should inform him (counsel) of any issues that he believed had merit. Petitioner conveyed to to Mr. Fitzmaurice that if he had an opportunity to review the trial transcripts that he could not offer any assistance with respect to potentially meritorious issues. When petitioner received a subsequent correspondence from counsel, it was an *Anders* brief.

Among the issues that appellate counsel should have raised on petitioner behalf was the ineffective assistance of counsel at trial when he failed to object to the jury's verdict, which was both repugnant and lacked adequately sufficient evidentiary basis to find petitioner guilty, and then, later, adopted petitioner's pro se motion based upon the issues that counsel should have raised in court, particularly when the court asked trial counsel if he wanted to make any motion(s) on petitioner's behalf.

14

It is evident, based upon appellate counsel's actions, that he had no intention of preparing a brief on petitioner's behalf.    As a result, petitioner was denied the effective assistance of counsel on appeal.

A. AEDPA Standard Regarding Ineffective Assistance of Counsel

The United States Supreme Court held, in its landmark decision, Strickland v. Washington, 446 U.S. 668, 104 S. Ct. 2052, that a criminal defendant is entitled to the effective assistance of counsel.  This right to the effective assistance of counsel includes the right to the effective assistance of counsel on appeal, [ See:  Jones v. Barnes, 463 U.S. 745, 103 S. Ct. 3308], and has been reiterated in subsequent decisions in the federal courts. See:  Lucey v. Seabold, 645 F. 2d. 547 where the court ruled that "defendant was deprived of his right to effective assistance of appellate counsel by counsel's failure to follow state rules of procedure."

Prior to the assignment of Mark Fitzmaurice, petitioner had engaged in a series of correspondences with Jeanne Mettler, petitioner's prior attorney, about her preparation of petitioner's brief.  In one of Mr. Mettler's letters to petitioner, she expressed to petitioner that she found a significant issue regarding the sequestering of the jury, and that she was in the final stages of

preparing her motion.    So while petitioner's prior attorney had found a meritorious issue, Mr. Fitzmaurice failed to pursue this issue and, instead, filed an *Anders* brief.

Based upon the aforementioned, petitioner has been denied the effective assistance of counsel, as articulated in the holding of <u>Strickland v. Washington</u>, *supra*.

## CONCLUSION

Petitioner prays that the Federal District Court, Southern District of New York grants petitioner habeas corpus or, in the alternative, grants petitioner an evidentiary hearing to determine whether the factual bases underlying petitioner's claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel sufficiently demonstrate a denial of a substantial constitutional right.

Dated:  February 1, 2012

Respectfully Submitted,


_____

Nascimento Blair, *pro se*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Nascimento Blair,

               Petitioner,

    -against-                      MOTION TO PROCEED IN
                                         FORMA PAUPERIS

Phillip D. Heath, Superintendent of Sing Sing
Correctional Facility
                     Respondent.

_____

       Nascimento Blair, petitioner pro se, moves for leave to prosecute this action in forma pauperis without the pre-payment of fees or cost or giving security therfor under the provisions of 28 U.S.C. Section 1915.

       Petitioner's affirmation in support of the motion is attached.

Dated:  Februaray 1, 2012
           Ossining, N.Y. 10562

                                 Respectfully Submitted,

                                 Nascimento Blair # 07A0015
                                 Petitioner pro se
                                 Sing Sing Corr. Facility
                                 354 Hunter Street
                                 Ossining, N.Y. 10562

Sworn To Before Me
This___|___ Day Of
February 1, 2012

NOTARY PUBLIC



PATRICIA LEWIS
NOTARY PUBLIC STATE OF NEW YORK
DUTCHESS COUNTY   LIC. #01LE6173819
COMM. EXP.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Nascimento Blair,

                Petitioner,

     -against-                              **AFFIRMATION IN SUPPORT**
                                                 **OF MOTION TO PROCEED**
                                                     **IN FORMA PAUPERIS**

Phillip D. Heath, Superintendent of Sing Sing
Correctional Facility

                Respondent.

---

              Nascimento Blair, petitioner pro se, declares under the penalties of perjury, and states:

1.  I am the petitioner in the above-entitled action, and in support of the motion to proceed in forma pauperis without being required to prepay fees, costs or give security therefore, that because of my poverty I am unable to pay the costs of the proceeding or to give security therefore; and, I believe I am entitled to legal redress.

2.  I am not presently employed.  I currently reside at Sing Sing Correctional Facility, 354 Hunter Street, Ossining, N.Y. 10562, and earn approximately $15.00 in bi-weekly prison wages.

3.  I have received within the past 12 months no income from a business, profession, or other form of self-employment, or in the form of rent payments, interest, dividends, or any other source.

4.  I own no cash, checking, or savings account, nor do I own any real estate, stocks, bonds, notes, automobiles, or other valuable property.

5. I have no persons who are dependent upon me for support.


Dated:  February 1, 2012

         Ossining, N.Y. 10562



                                              Respectfully Submitted,



                                              Nascimento Blair # 07A0015
                                              Petitioner, pro se
                                              Sing Sing Corr. Facility
                                              354 Hunter Street
                                              Ossining, N.Y. 10562


SWORN TO BEFORE ME

THIS ___ DAY, FEBRUARY, 2012

NOTARY PUBLIC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Nascimento Blair,

        Petitioner,

    -against-                       CERTIFICATE OF SERVICE

Phillip D. Heath, Superintendent, Sing Sing
Correctional Facility

        Respondent.

---

    Nascimento Blair, petitioner pro se, declares under the penalties of perjury (in compliance with 28 U.S.C. Section 1746) that on the below date he served 1 copy of a Petition for habeas corpus and two (2) copies by placing a photocopy of the same in an envelope with prepaid postage being made.   The same was placed in an official depository under the exclusive care and custody of the State of New York Department of Correctional Services.   Such depository being one established for the purpose of mailing correspondence from inmates in the state's custody.   The enclosed was addressed in care of the respondent at the following address:

Ms. Janet DiFiore
Westchester  County District Attorney
Richard J. Doronco Courthouse
111 Dr. Martin Luther King, Jr. Blvd
White Plains, New York 10601

                                  Respectfully Submitted,

Sworn to Before Me

This __1__ Day of February 12, 2012         Nascimento Blair

NOTARY PUBLIC



PATRICIA LEWIS
NOTARY PUBLIC STATE OF NEW YORK
DUTCHESS COUNTY LIC. #01LE6173810