UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NASCIMENTO G. BLAIR,

                Petitioner,

Affidavit in Reply to
Respondent's Opposition
to Petitioner's Habeas Corpus

-against-

PHILLIP B. HEATH, Superintendent,
Sing Sing Correctional Facility,

Docket: 12-CV-1001 (VB)(GAY)

                Respondent.
----------------------------------------------------------X

STATE OF NEW YORK)
COUNTY OF WESTCHESTER) SS:

    I, Nascimento Blair, swear under the penalty of perjury, that the following is true based upon information and belief and personal knowledge:

    1. On February 1, 2012, petitioner filed a petition for a writ of habeas corpus in the United States District Court, Southern District of New York.

    2. Chief United States District Judge Loretta Preska ordered petitioner to submit an affirmation showing cause as to why the petition should not be dismissed as time-barred.

    3. On April 23, 2012, petitioner filed an affirmation explicating 1) that the District Court had significantly miscalculated petitioner's time to file his habeas petition; 2) that circumstances exist that should be considered for this Court to equitably toll nineteen (19) days, so that petitioner's habeas petition is deemed timely filed; and 3) the issues before this Court are adequately exhausted.

1

4. On July 3, 2012, petitioner received Respondent's Affirmation in Support of Limited Answer Opposing Petition for Writ of habeas Corpus and accompanying Memorandum of Law.

5. Based upon the reasons set forth in petitioner's Memorandum of Law, this Court should find that petitioner's habeas petition was timely filed and that the issues contained in his petition are fully exhausted.

6. Respondent's first claim that the evidence admitted against him is legally sufficient to support his conviction could have been raised on appeal, only if appellate counsel had afforded petitioner the effective assistance of counsel. However, petitioner was denied the effective assistance of counsel on appeal. Since petitioner cannot be charged with appellate counsel's ineffectiveness on appeal, particularly in light of the fact that he has been duly diligent in seeking to adequately raise and fully exhaust this and every other issue raised in the instant petition.

7. Respondent's opposition argument that petitioner cannot return to state court and pursue the so-called "unexhausted [first] claim" and its reference to this claim as procedurally barred is misplaced.

8. Further, the Respondent's assertion that petitioner's CPL § 440 claim could have been raised on direct appeal is in diametrical opposition to the very nature of the claims that are cognizable on direct appeal. New York's Criminal Procedure Law is unambiguous with respect to the fact that only matters de hors the record can be raised in CPL § 440 motions; whereas by the very nature of Appellate practice and review, only matters that are part of the record are cognizable on direct appeal. Thus, Respondent's

assertion that petitioner's post-conviction motion claim could have been raised on direct appeal is erroneous.

9. The Respondent's attempt to pigeonhole petitioner's claim that he was denied the effective assistance of counsel on appeal so that his fourth claim is deemed unexhausted should be rejected also. In petitioner's writ of error coram nobis, he did attribute appellate counsel's ineffectiveness, in part, to his failure to raise a meritorious claim of ineffectiveness of trial counsel.

10. While employing oblique language, Respondent suggests that petitioner file a second writ of error coram nobis to adequately exhaust his ineffective assistance of appellate counsel claim, as a concession. However, it is petitioner's position that he has sufficiently exhausted this claim.

**WHEREFORE**, Petitioner respectfully requests that this Court equitably toll the nineteen (19) days in which Petitioner's habeas corpus should have been filed, where extraordinary circumstances exist that justify equitable tolling. In the event that the Court grants this Petitioner equitable tolling, Petitioner respectfully requests thirty (30) days to reply Respondent's opposition.

Dated: July 31, 2012

Sworn to Before Me This

3 Day of August, 2012

NOTARY PUBLIC

Respectfully Submitted,

Nascimento Blair

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NASCIMENTO G. BLAIR,

        Petitioner,

  -against-                               CERTIFICATE OF SERVICE

PHILLIP B. HEATH, Superintendent
Sing Sing Correctional Facility          Docket No. 12-CV-1001 (VB)
                                                 (GAY)

        Respondent.

       Nascimento Blair, petitioner pro se, declares that on the below date he filed 1 copy of a Affidavit in Reply to Respondent's Opposition to Petitioner's Habeas Corpus in the United States District Court Southern District of New York. The same was placed in an official depository under the exclusive care and custody of the State of New York Department of Correctional and Community Supervision. Such depository being one established for the purpose of mailing correspondence from inmates in the state's custody. The enclosed was addressed in care of the respondent and the Attorneys General at the following addresses:

Ms. Janet Di Fiore
Westchester County District Attorney
Westchester County Courthouse
111 Dr. Martin Luther King, Jr. Blvd.
White plains, N.Y. 10601

                                                        Respectfully Submitted,

Sworn to Before Me                                    Nascimento Blair

This ___ Day of August, 2012

_____
NOTARY PUBLIC

Nasciment
Sing Sing Correctional Facility
354 Hunter Street
Ossining, N.Y. 10562

house


SING SING
CORRECTIONAL FACILITY


$01.10
AUG 06 2012
MAILED FROM ZIP CODE 10562



RECEIVED
PRO SE OFFICE
2012 AUG -8 P 2: 23

To; United States District Court
Southern District of New York
Daniel Patrick J. Moynihan Courthouse
500 Pearl Street
New York City, New York 10007-1312

# LEGAL MAIL