**ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
NASCIMENTO BLAIR,

|  |  |
|---|---|
| Petitioner, | **REPORT AND RECOMMENDATION** |
| -against- | 12 Civ. 1001 (VB)(GAY) |
| PHILLIP D. HEATH, Superintendent of Sing Sing Correctional Facility, | |
| Respondent. | |

-------------------------------------------------------X

TO THE HONORABLE VINCENT L. BRICCETTI, United States District Judge:


Petitioner Nascimento Blair ("petitioner"), proceeding *pro se*, has filed a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, I

respectfully recommend that the Court deny the petition in its entirety.

## I. PROCEDURAL BACKGROUND

On December 18, 2006, petitioner was sentenced to an indeterminate term of

imprisonment of fifteen years to life for the crime of kidnapping in the first degree.  See

Affidavit in Support of Limited Answer Opposing Petition for Writ of Habeas Corpus, at

1.  On December 22, 2006, defense counsel filed a timely Notice of Appeal.  See id, at

2.  On or about April 16, 2008, before petitioner's direct appeal was perfected, he filed a

*pro se* CPL 440.10 motion to vacate on the ground of, *inter alia*, ineffective assistance

of trial counsel.  See Respondent's Limited Answer Opposing Petition for Writ of

Habeas Corpus, Exhibit A.[1]  In a Decision and Order dated November 13, 2008, the

---

[1]  Hereinafter, all citations to "Exh. ____" refer to exhibits attached to Respondent's
Limited Answer Opposing the instant Petition.



-1-

Supreme Court, Westchester County (Adler, J.) denied petitioner's 440.10 motion on the grounds that his claims were either procedurally barred or without merit. See Exh. D, at 9-10, 12-15.

On December 1, 2008, petitioner sought leave to appeal the denial of his 440.10 motion to the Appellate Division. See Exh. E. The Second Department denied petitioner's request for leave to appeal on February 25, 2009. See Exh. G.

Meanwhile, on or about December 19, 2008, petitioner's appellate counsel filed an *Anders* brief[2] requesting to be relieved as attorney of record in light of the absence of non-frivolous issues. See Exh. H. At petitioner's request, the Second Department forwarded him a copy of the trial minutes and allowed petitioner until June 1, 2009 to submit a *pro se* supplemental brief. See Exh. M. Shortly thereafter, however, petitioner sent a letter to the Second Department stating that he no longer wished to file a *pro se* supplemental brief and returned the trial minutes to the Second Department in April 2009. See id. By Decision and Order dated December 8, 2009, the Second Department granted appellate counsel's application for leave to withdraw and affirmed petitioner's judgment of conviction. See People v. Blair, 68 A.D.3d 888, 889 N.Y.S.2d 471 (2d Dep't 2009). Petitioner received notice of said decision on December 24, 2009. See Exh. L. He did not seek leave to appeal said decision to the New York State Court of Appeals.

On or about July 12, 2010, petitioner filed a *pro se* writ of error *coram nobis* claiming ineffective assistance of appellate counsel. See Exh. O. The Second Department denied petitioner's *coram nobis* application on November 23, 2010. See

---

[2] See Anders v. California, 386 U.S. 738 (1967).

People v. Blair, 78 A.D.3d 1068, 911 N.Y.S.2d 633 (2d Dep't 2010).  By letter dated

December 18, 2010, petitioner sought leave to appeal the denial of his *coram nobis*

application to the Court of Appeals.  See Exh. R.  The Court of Appeals denied

petitioner leave to appeal on March 3, 2011.  See People v. Blair, 16 N.Y.3d 828, 946

N.E.2d 180, 921 N.Y.S.2d 192 (2011).

On February 1, 2012, petitioner filed the instant petition wherein he asserts the

following grounds for habeas relief:  (1) there was insufficient evidence to support his

conviction; (2) he was deprived of his Sixth Amendment right to confront his accuser;

and (3) he was denied effective assistance of trial and appellate counsel.  See Petition ¶

13, Attachment at 1, 7, 9, 14.  On February 27, 2012, the Honorable Loretta A. Preska

Ordered petitioner to file an Affirmation within sixty days showing cause why his petition

should not be denied as time-barred and explaining whether he had exhausted his state

court remedies.  See Dkt. #3.  On or about April 26, 2012, petitioner filed an Affirmation

addressing the timeliness of his petition as well as the issue of exhaustion.  See Dkt. # 4

("Pet. Affirmation").

## II. TIMELINESS

Respondent argues that the present habeas petition is time-barred.  The

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-

year statute of limitations for the filing of a habeas corpus petition seeking relief from a

state court conviction.  See 28 U.S.C. § 2244(d)(1).  The one-year limitation period runs

from the latest of:

(A) the date on which the judgment became final by the conclusion of direct
review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See id. Here, petitioner's direct appeal was denied on December 8, 2009. Because petitioner did not seek leave to appeal to the New York State Court of Appeals, his judgment of conviction became final on January 24, 2010, thirty days after he received notice of the Second Department's decision on December 24, 2009. See N.Y. Crim. Proc. Law § 460.10(5)(a). Therefore, on January 24, 2011, petitioner's habeas petition became time-barred under the AEDPA unless the limitation period was tolled by statutory or equitable considerations.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." See 28 U.S.C. 2244(d)(2). This tolling provision applies to, *inter alia*, CPL 440.10 motions and applications for a writ of error *coram nobis*. See Hizbullahankhamon v. Walker, 255 F.3d 65 (2d Cir. 2001); Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999). Here, the statute of limitations ran for 170 days (from January 24, 2010) until it was tolled upon petitioner's filing of his *coram nobis* application on July 12, 2010.

Petitioner mistakenly argues the statute of limitations did not recommence until the Court of Appeals denied him leave to appeal on March 3, 2011. See Pet. Affirmation, ¶ 6. To the contrary, "[b]ecause review of an Appellate Division order denying a motion for a writ of error *coram nobis* is unavailable in the New York Court of

-4-

Appeals, the Court of Appeals has no opportunity to resolve any constitutional issues[ ] raised in such a doomed appeal." See Hizbullahankhamon, 255 F.3d at 72 (quotation and citation omitted).  Therefore, "petitioner's motion ceased to be pending [for AEDPA tolling purposes] on the date on which the Appellate Division denied it, because, as of that date, the door of the New York Court of Appeals was closed and further appellate review was unavailable."  See id. (quotation and citation omitted).

Accordingly, the statute of limitations properly recommenced on November 23, 2010 upon the Appellate Division's denial of petitioner's *coram nobis* application.  At that point, petitioner had 195 days remaining (365 days minus 170 days) within which to timely file the instant habeas petition (on or before June 6, 2011).  Because petitioner filed the instant habeas petition on February 1, 2012, it is therefore time-barred unless the limitation period is tolled for equitable considerations.

Petitioner will be entitled to equitable tolling of the AEDPA limitation period only if he demonstrates (1) "that extraordinary circumstances prevented him from filing his petition on time" and (2) that he acted with "reasonable diligence throughout the period he seeks to toll."  See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (*per curiam*). "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 120, 134 (2d Cir. 2000).

Petitioner seeks to equitably toll the AEDPA limitation period from January 24, 2010 until May 26, 2010 on the ground that he mistakenly believed his Second

Department appeal had not yet been exhausted. See Pet. Affirmation, ¶ 5. Petitioner bases his argument for equitable tolling on a series of letters he exchanged with the Clerk's Office at the Second Department between December 18, 2009 and May 26, 2010, in which he sought guidance regarding his position to appeal and appointment of new counsel. See id., Exh. 1-4. According to petitioner, the Clerk's Office finally "explicitly articulated" on May 26, 2010 "that he could no longer pursue relief in the Appellate Division in matters related to his direct appeal." See id. at ¶ 5(e).

Even assuming, arguendo, petitioner is entitled to equitable tolling for the period between January 24, 2010 and May 26, 2010, his petition would still be time-barred. Under petitioner's scenario, the statute of limitations ran for forty-seven days (from May 26, 2010 to July 12, 2010) until it was tolled by petitioner's coram nobis application. On November 23, 2010, the statutory period recommenced upon the Second Department's denial of petitioner's coram nobis application. At that point, petitioner would have had 318 days remaining to timely file his habeas petition (on or before October 7, 2011). However, petitioner filed the instant habeas petition on February 1, 2012—117 days late. Although petitioner alludes to the "extraordinary circumstances" accompanying his direct appeal, "including the filing [of] an Anders brief by appellate counsel," see id. at ¶ 10, he proffers no relevant argument demonstrating that equitable tolling of said 117 days is warranted.

## III. CONCLUSION

Accordingly, for the foregoing reasons, I conclude and respectfully recommend that the instant petition should be dismissed as untimely.

## IV. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and Rule 8(b)(3) of the Rules governing § 2254 proceedings, the parties shall have fourteen (14) days from the receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections. See Rule 11 of the Rules governing § 2254 proceedings; Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Vincent L. Briccetti at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Vincent L. Briccetti and not to the undersigned.

Dated:   July ___, 2013
          White Plains, New York

Respectfully submitted,

GEORGE A. YANTHIS, U.S.M.J.