UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
NASCIMENTO BLAIR,                               :
               Petitioner,                      :
                                               :       **MEMORANDUM DECISION**
v.                                              :
                                               :       12 CV 1001 (VB)
PHILLIP D. HEATH, Superintendent of Sing        :
Sing Correctional Facility,                     :
               Respondent.                      :
-------------------------------------------------------------x

Briccetti, J.:

        Before the Court is Magistrate Judge George A. Yanthis's Report and Recommendation ("R&R"), dated July 16, 2013, on petitioner Nascimento Blair's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Judge Yanthis recommended the Court dismiss the petition as untimely filed. With the following exceptions, the Court adopts the R&R. The petition is DISMISSED.

I.     Standard of Review

        A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within 14 days after being served with a copy of the recommended disposition, Fed.R.Civ.P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within 17 days if the parties are served by mail. See Fed. R. Civ. P. 6(d).

        When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3). The clearly erroneous standard applies when a party makes only conclusory or general objections, or

simply reiterates his original arguments.  See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

The objections of parties appearing pro se, such as petitioner herein, are generally accorded leniency, Stokes v. Miller, 216 F. Supp. 2d 169, 171 (S.D.N.Y. 2000), and should be construed "to raise the strongest arguments that they suggest." Dunn v. Sears, 561 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

II.    Petitioner's Objections

Petitioner objects to the R&R on the grounds that the magistrate judge erred (i) by not tolling the limitation period while petitioner sought leave from the New York Court of Appeals to appeal the denial of his coram nobis application, and thus miscalculating the time period petitioner had left to file his habeas petition; and (ii) by improperly applying the equitable tolling doctrine to find his habeas petition was timely filed.

Although the Court determines that petitioner's time to petition for habeas relief was tolled while he sought leave to appeal the denial of his coram nobis application, because his habeas petition was nonetheless untimely, the Court adopts the recommendation that the petition be dismissed.

Familiarity with the factual and procedural background of this case is presumed; the Court, therefore, recites only those facts necessary for resolution of petitioner's objections.

A.    Tolling During Appeal of Denial of Coram Nobis Motion

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  Petitioner does not dispute that the one-year period of limitation began to run when his judgment of conviction

became final on January 24, 2010, which was thirty days after he received notice of the Appellate Division, Second Department's decision affirming petitioner's judgment of conviction. See 28 U.S.C. § 2244(d)(1)(A); see also N.Y. Crim. Proc. Law § 460.10(5)(a).  Petitioner also does not dispute that his petition would, therefore, be time-barred as of January 24, 2011, unless the limitation period was tolled by statutory or equitable considerations.  Rather, petitioner disputes the amount of time during which the limitation period should have been told.

The Court concludes the limitation period was statutorily tolled from the date petitioner filed his writ of error coram nobis (July 12, 2010) through the date the Court of Appeals denied him leave to appeal the Second Department's denial of his coram nobis application (March 3, 2011).

Filing an application for a writ of error coram nobis tolls the limitation period under the AEDPA.  28 U.S.C. § 2244(d)(2); Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000).  Thus, the limitation period began to toll on July 12, 2010.

Before 2002, under New York law, criminal defendants could not appeal the denial of a writ of error coram nobis to the New York Court of Appeals.  See Hizbullahankhamon v. Walker, 255 F.3d 65, 72 (2d Cir. 2001).  Thus, the limitation period would have stopped tolling upon the denial of the writ.  Id. at 70-72.  In 2002, however, the New York State Legislature granted criminal defendants the ability to appeal to the New York Court of Appeals.  See N.Y. Crim. Proc. Law § 450.90; People v. Stultz, 2 N.Y.3d 277, 281 (2004).  Thus, the limitation period is properly tolled during such an appeal.

Accordingly, the Court declines to adopt the R&R insofar as it relied on Hizbullahankhamon v. Walker to stop the tolling of petitioner's limitation period when the Second Department denied his coram nobis application on November 23, 2010.  The Court

determines, instead, that the limitation period was properly tolled until the Court of Appeals, on March 3, 2011, denied petitioner leave to appeal the denial of his coram nobis application.

Excluding the statutorily tolled time period, the one year limitation period expired on September 16, 2011. Specifically, 168 days expired between the date petitioner's judgment of conviction became final (January 24, 2010) and the date he filed his writ of error coram nobis (July 12, 2010). That left petitioner 197 days after the date the coram nobis proceeding was finally resolved (i.e., March 3, 2011), or until September 16, 2011, to file his habeas petition.

Because petitioner did not file his habeas petition until February 1, 2012, this proceeding is time-barred under the AEDPA, unless the limitation period is tolled for equitable considerations.

      B.      Equitable Tolling

Petitioner's objection to Judge Yanthis's ruling with respect to equitable tolling simply reiterates his original arguments. Accordingly, the Court has reviewed the portion of Judge Yanthis's R&R regarding equitable tolling for clear error, and finds no error, clear or otherwise.

Assuming, without deciding – as Judge Yanthis did – that petitioner is entitled to equitable tolling for the period between January 24, 2010, and May 26, 2010, his petition would still be time-barred. Under petitioner's scenario, forty-six days expired between the date the Second Department Clerk's Office "explicitly articulated" that petitioner could not pursue matters on his direct appeal any further (May 26, 2010) and the date he filed his writ of error noram cobis (July 12, 2010). That left petitioner 319 days after the date the error coram nobis proceeding was finally resolved (March 3, 2011), or until January 16, 2012, to file his habeas petition.

Because petitioner did not file his petition until February 1, 2012, this proceeding is time-barred under AEDPA.

## CONCLUSION

Accordingly, the Court adopts Judge Yanthis' R&R with the above exceptions, and the petition for a writ of habeas corpus is DISMISSED. The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). In addition, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v United States, 369 U.S. 438, 444-45 (1962).

Dated: November 8, 2013
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge